

FILED ___ ENTERED
LOGGED ___ RECEIVED

JUL 16 2020

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## Attachment A:  Statement of Facts

*The undersigned parties stipulate and agree that, if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

In August 2018, the United States Postal Inspection Service and the Drug Enforcement Administration began jointly investigating the importation of large cocaine quantities into Maryland. Based on physical and video surveillance and other law enforcement tools, investigators identified Russell Stanley III ("co-defendant Stanley"), the leader of the drug trafficking organization (hereinafter "Stanley DTO"), and Maurice Vaughn ("defendant"), one of the United States Postal Service ("USPS") letter carriers who diverted United States Priority Mail parcels containing cocaine to the Stanley DTO in exchange for payments.

Between June 2014 and October 2019, the defendant worked as a USPS letter carrier. As a USPS letter carrier, the defendant was a public official as defined in 18 U.S.C. § 201(a)(1).

From July 2018 to October 2019, the defendant was assigned to Postal City Route 022, servicing Bowie, Maryland. As part of his official duties, he had certain responsibilities. Among them were (1) delivering each package sent via USPS along his assigned route to the addressee at the proper address; (2) keeping accurate records of his deliveries, including scanning a parcel that required tracking as delivered at the proper time and location if in fact the defendant properly delivered it to the addressee at the proper address; and (3) returning a parcel to the post office so that the post office could return it to the sender if the parcel's delivery address was a vacant address or the listed recipient had no association with the delivery address.

In or about December 2018, Person A asked the defendant to divert United States Priority Mail parcels to the STANLEY DTO. Shortly after, the defendant agreed to do so.

After Person A and the defendant's agreement, unknown persons began sending United States Priority Mail parcels to addresses in Bowie, Maryland, on the defendant's route. There was no association between the senders' and recipients' names and their listed addresses, and Puerto Rico was the place those parcels entered the mail stream. To coordinate the STANLEY DTO's receipt of those parcels, Person A texted the defendant to deliver the United States Priority Mail parcels to particular locations for pick up by the STANLEY DTO.

At least once a month during the period of December 2018 and October 2019, the defendant diverted a United States Priority Mail parcel to the STANLEY DTO. For example, the defendant placed a United States Priority Mail parcel in the co-defendant Stanley's vehicle on February 15, 2019. Similarly, the defendant delivered United States Priority Mail parcels to particular locations for pick up by the STANLEY DTO on January 19, 2019, June 13, 2019, August 29, 2019, and October 2, 2019. The defendant received at least $200 for each United States Priority Mail parcel that he diverted to the STANLEY DTO. In total, the defendant obtained at least the equivalent of $2,200 in United States currency as result of his offenses. To conceal the scheme, the defendant

*United States v. Maurice Vaughn*
Criminal No. PX-20-0073

would scan United States Priority Mail parcels as delivered to the addressees, although he delivered those parcels to the STANLEY DTO or particular locations for pick up by the STANLEY DTO.

SO STIPULATED:

July 1, 2020
Date

*[signature]*
Samika N. Boyd
Jason D. Medinger
Assistant United States Attorneys

7/2/20
Date

*[signature]*
Maurice Vaughn
The defendant

7/2/20
Date

*[signature]*
Ivan Bates, Esq.
The defendant's Counsel

*United States v. Maurice Vaughn*
Criminal No. PX-20-0073

2